UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANDI PAUL HAMMOND,

    Plaintiff,

v.                                  CAUSE NO. 3:20-CV-243-DRL-MGG

CURTIS TOWING & RECOVERY,

    Defendant.

OPINION & ORDER

Landi Paul Hammond, a prisoner without a lawyer, filed a complaint that must be liberally construed. "[H]owever inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In his complaint, Mr. Hammond alleges that, on April 19, 2018, the towing company towed his vehicle following a traffic stop in LaGrange County. The company refused to return the vehicle or his personal property inside it to Mr. Hammond's spouse, stating that it was condemned and that it intended to destroy it. Mr. Hammond seeks compensation for lost property value.

The court lacks subject matter jurisdiction over Mr. Hammond's claim. *See Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1238 (7th Cir. 1984) ("[I]t is axiomatic that subject matter jurisdiction cannot be waived, and that courts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking."). As a federal district court, this court has subject matter jurisdiction over

claims arising under federal law or for claims where there is diversity of citizenship between the parties. 28 U.S.C. § 1331; 28 U.S.C. § 1332. In the complaint, Mr. Hammond asserts a claim against the towing company, not a state actor. *See Scott v. Archey*, 99 F. Appx. 62, 63 (7th Cir. 2004); *Hinman v. Lincoln Towing Serv., Inc.*, 771 F.2d 189, 193 (7th Cir. 1985). Furthermore, the complaint indicates that there is no diversity of citizenship between the parties and that the amount in controversy is less than $75,000 (he says $4,000). Consequently, Mr. Hammond may not proceed with this case in this court.

For these reasons, the court DISMISSES this case for lack of subject matter jurisdiction.

SO ORDERED.

May 26, 2020                                                                 *s/ Damon R. Leichty*
                                                                                         Judge, United States District Court